IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EDWARD EARL HOUSE**                                                                                        **PETITIONER**

vs.                                                                       **CIVIL ACTION No.: 3:23-CV-497-HTW-LGI**

**WILLIAM SOLLIE**                                                                                           **RESPONDENT**

**ORDER**

Before the Court is Petitioner Edward Earl House's "Motion to Dismiss" **[Doc. 42]**, which this Court construes as a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)[1]. Petitioner seeks to "reopen/revisit" his previously dismissed 28 U.S.C. § 2241 petition and requests that the Court dismiss his pending state criminal charges in Lauderdale County, Mississippi. Respondent opposes the motion [Doc. 43]. Having considered the motions, the record, and relevant law, the Court finds as follows:

**I.   OVERVIEW**

On January 30, 2025, this Court entered a Final Judgment [Doc. 40] dismissing Petitioner's federal habeas petition. The Court dismissed Petitioner's speedy-trial claims without prejudice for failure to exhaust state remedies and dismissed his remaining claims, including his request to dismiss state criminal charges, with prejudice for failure to state a cognizable federal habeas claim.

---

[1] **Rule 60(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner now moves the Court to set aside this judgment. He alleges that Lauderdale County officials have violated his constitutional rights by failing to provide him with an attorney since his previous counsel withdrew in January 2025. He further alleges that his "270 days rule" was violated and that evidence was withheld in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963)[2]. Consequently, argues Petitioner, he is no longer interested in a trial, but instead seeks the dismissal of his state charges without prejudice.

## II.    LEGAL ANALYSIS

Petitioner does not specify which subsection of Rule 60(b) supports his request. Rule 60(b) allows a court to relieve a party from a final judgment for reasons such as mistake, newly discovered evidence, fraud, or "any other reason justifying relief".

The United States Court of Appeals for the Fifth Circuit holds that reconsideration of a judgment after its entry "is an extraordinary remedy which should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Petitioner primarily repeats arguments from his original petition, requesting the request to dismiss state charge. He makes no additional arguments in favor of his Motion; therefore, this Court finds that he fails to show "good cause" for relief under Rule 60(b)(1)-(5).

Under the "catch-all" provision of Rule 60(b)(6), a movant must show "extraordinary circumstances". The Fifth Circuit has clarified that a change in the law or a mere disagreement with the court's previous legal conclusion does not constitute an extraordinary circumstance. *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).

---

[2] The United States Supreme Court in *Brady* held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id*.

Petitioner's claims regarding the lack of a state-appointed attorney and discovery issues are matters that must first be addressed in state court. Petitioner has not demonstrated that he exhausted these new claims or that extraordinary circumstances exist; accordingly, this Court maintains its prior dismissal.

### III.  PRO SE RESPONSIBILITIES

While this Court liberally construes the pleadings of pro se litigants, Petitioner must still comply with the relevant rules of procedural and substantive law. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Pro se status does not exempt a party from the burden of establishing the "extraordinary circumstances" required to disturb a final judgment under Rule 60(b). *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."). Petitioner's failure to identify a specific legal basis for reopening the judgment, or to provide evidence of exhausted state remedies precludes the relief sought.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Dismiss **[Docket no. 42]** is **DENIED**.

SO ORDERED AND ADJUDGED this the  2nd  day of       March      , 2026.


    **/s/HENRY T. WINGATE**
    **UNITED STATES DISTRICT COURT JUDGE**